IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| R.H. DONNELLEY INC.<br>A Delaware Corporation<br><br>and<br><br>R.H. DONNELLEY PUBLISHING<br>& ADVERTISING, INC.<br>A Kansas Corporation,<br><br>       Plaintiffs,<br><br>v.<br><br>F.D.C. PUBLISHING OF THE MIDWEST, INC.<br>A Nebraska Corporation<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br><br><br><br>Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs R.H. Donnelley Inc. and R.H. Donnelley Publishing & Advertising, Inc. (collectively "R.H. Donnelley") for their Complaint against defendant F.D.C. Publishing of the Midwest, Inc. ("FDC") state and allege as follows:

## INTRODUCTION

R.H. Donnelley and FDC both publish "yellow pages" telephone directories in direct competition with each other.  R.H. Donnelley has used the mark "The RED BOOK" in connection with its telephone directories since 1910 and obtained a federal registration for the mark "The RED BOOK" in 1953.  Sometime prior to 1993, FDC infringed R.H. Donnelley's mark "The RED BOOK."  The parties were able to resolve the 1993 infringement in a written agreement in which FDC expressly acknowledged that it had no rights to the mark "The RED BOOK," or any similar mark and agreed to permanently cease and desist from any further infringement of R.H. Donnelley's intellectual property specifically including the use of the mark

"The Red Book." In direct violation of this written agreement, FDC resumed its infringing activities in the 2004-2005 time frame. While the parties attempted to resolve this dispute amicably, a representative from FDC sent an e-mail to R.H. Donnelley's counsel requesting that no further contact be made to FDC, thereby precluding any chance of an amicable resolution. R.H. Donnelley brings this action to recover damages sustained as a result of FDC's infringement and breach of contract, and to enjoin FDC from any further infringing activity.

## THE PARTIES

1.      Plaintiff R.H. Donnelley Inc. is a Delaware corporation in good standing, having its principal place of business at 1001 Winstead Dr., Cary, North Carolina 27513.

2.      Plaintiff R.H. Donnelley Publishing & Advertising, Inc. is a Kansas corporation in good standing, having its principal place of business at 1001 Winstead Dr., Cary, North Carolina 27513.

3.      Upon information and belief, defendant F.D.C. Publishing of the Midwest, Inc. is a Nebraska corporation, having its principal place of business at 1370 31 Ave., Columbus, Nebraska 68602.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.      R.H. Donnelley is a publisher of yellow pages telephone directories.

7.     R.H. Donnelley and its predecessors-in-interest have been publishing telephone directories since 1910.

8.     Since that time, R.H. Donnelley and its predecessors-in-interest have continuously used the mark "The RED BOOK" (the "Mark") in connection with its telephone directories.

9.     On June 9, 1953, R.H. Donnelley secured federal trademark registration for the mark "The RED BOOK" used in connection with telephone directories, such registration identified by Registration No. 575,391.  A true and correct copy of R.H. Donnelley's registration for the mark "The RED BOOK" is attached hereto as Exhibit A and incorporated herein by this reference.

10.     R.H. Donnelley's mark "The RED BOOK" is incontestable under 15 U.S.C. § 1065.

11.     R.H. Donnelley has invested considerable time and money establishing proprietary rights in the mark "The RED BOOK."

12.     R.H. Donnelley has grown successfully through the investment of substantial time, money, and effort, in developing substantial goodwill in connection with the mark "The RED BOOK."

13.     Defendant FDC also publishes yellow pages telephone directories in the Mid-Western United States, including Nebraska.

14.     Sometime prior to 1993 and up until February 1993, FDC infringed upon R.H. Donnelley's mark "The RED BOOK" by using the marks "THE RED BOOK" and "THE RED TELEPHONE DIRECTORY" for advertising its telephone directories.

15.     In exchange for a promise from R.H. Donnelley (f/k/a The Reuben H. Donnelley Corporation) not to sue for such infringement, on March 21, 1993, FDC entered into a written

agreement with R.H. Donnelley in which FDC specifically agreed to cease and desist from any further infringement of R.H. Donnelley's intellectual property (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit B and incorporated herein by this reference.

16.     More specifically, FDC specifically agreed to permanently stop "all use of the marks 'THE RED BOOK', 'THE RED TELEPHONE DIRECTORY', or anything confusingly similar thereto" and represented that it had permanently stopped all use of such marks as of February 22, 1993.

17.     FDC also represented and agreed that it "shall not order nor obtain any additional material, including business forms, making use of the marks 'THE RED BOOK', 'THE RED TELEPHONE DIRECTORY', or anything confusingly similar thereto."

18.     FDC further agreed that it would permanently refrain from making any claim that FDC is in any way authorized to use the marks "THE RED BOOK" or "THE RED TELEPHONE DIRECTORY."

19.     FDC further agreed and acknowledged that R.H. Donnelley was the owner of U.S. Registration No. 517,316 for the mark "The RED BOOK" for use in connection with classified telephone directories.

20.     FDC further represented that it makes no claim of rights to the marks "The RED BOOK", "THE RED PHONE BOOK", "THE RED TELEPHONE DIRECTORY", or any marks confusingly similar thereto.

21.     As part of the Agreement, R.H. Donnelley agreed that FDC's use of the slogan "The Phone Book With The Red Cover" as typified by the exhibits attached to the Agreement shall not be confusingly similar to any of R.H. Donnelley's marks.

22.     Upon execution of the Agreement, and in reliance upon FDC's representations, acknowledgements, and agreements, R.H. Donnelley agreed not to bring legal action to recover damages it suffered as a result of FDC's unlawful conduct through February 1993.

23.     In July 2005, R.H. Donnelley became aware that FDC was using the marks "The RED BOOK" and "THE RED PHONE BOOK" on its website and in its radio and/or print advertising.

24.     On July 27, 2005, R.H. Donnelley sent a "cease and desist letter" to FDC demanding that FDC immediately stop infringing R.H. Donnelley's intellectual property and requesting FDC to provide copies of all information reflecting the scope of FDC's use of R.H. Donnelley's intellectual property.

25.     In response, Stephen Ames of FDC represented that FDC had pulled all offending advertisements from commerce effective on or about August 1, 2005.

26.     Despite multiple requests after August 1, 2005, FDC refused, however, to verify in writing that FDC has ceased all use of R.H. Donnelley's intellectual property, to provide copies of the offending advertising materials or to provide information regarding the scope of FDC's infringing use of R.H. Donnelley's intellectual property.

27.     In August 2005, R.H. Donnelley further learned that the sign in front of FDC's business reads "FDC PUBLISHING OF THE MIDWEST, INC. – HOME OF THE RED TELEPHONE DIRECTORIES."

28.     FDC has used and is using R.H. Donnelley's Mark and/or confusingly similar marks and phrases as dominant features of its advertising and is offering related and competitively similar, if not identical, goods and services as R.H. Donnelley.

29.     FDC has used and is using R.H. Donnelley's Mark and/or confusingly similar marks and phrases for commercial use in commerce.

30.     Consumers have been confused and are likely to continue to be confused that FDC's goods and services are sponsored by, affiliated with, or endorsed by R.H. Donnelley.

31.     R.H. Donnelley has not granted FDC permission or consent to use its Mark or any variation thereof.

32.     FDC's use of R.H. Donnelley's Mark and/or confusingly similar marks deprives R.H. Donnelley of the opportunity to exercise its exclusive right to exploit the substantial goodwill that it has developed in the Mark for more than fifty years.

33.     As a direct result of FDC's use of R.H. Donnelley's Mark and/or confusingly similar marks, R.H. Donnelley has suffered and continues to suffer direct and irreparable harm.

34.     FDC's conduct in adopting and using R.H. Donnelley's Mark and/or confusingly similar marks constitutes trademark infringement, unfair competition, dilution, false advertising, deceptive trade practices, breach of contract, and misappropriation in violation of state and federal laws.

35.     FDC's infringement of R.H. Donnelley's Mark is willful, wanton and in disregard of R.H. Donnelley's rights and said infringement continues to the present day causing R.H. Donnelley irreparable injury, loss, and damages.

### COUNT I
(Lanham Act - Federal Trademark Infringement)

36.     R.H. Donnelley incorporates the allegations contained in the preceding paragraphs as though here set forth in full.

37.     R.H. Donnelley and its affiliated companies have used the mark "THE RED BOOK" continuously in commerce, since the date of first use in commerce, and has promoted its

mark in interstate commerce in the advertising, promotion, and presentation of its goods and services.

38.     FDC has used, and/or is currently using, the names "The Red Book", "The Red Phone Book", and "The Red Telephone Directories" in commerce without R.H. Donnelley's permission and such use constitutes infringement of the mark "THE RED BOOK."

39.     FDC's use of the names "The Red Book", "The Red Phone Book", and "The Red Telephone Directories" infringes R.H. Donnelley's Mark and the registration thereof pursuant to 15 U.S.C. § 1051 et seq., particularly § 1114, in that FDC is using in commerce counterfeit or colorable imitations of R.H. Donnelley's registered Mark in connection with FDC's offering for sale, distribution or advertising of goods and services.

40.     Because of FDC's infringing use of the names "The Red Book", "The Red Phone Book", and "The Red Telephone Directories," actual confusion is likely to occur or has already occurred in the minds of consumers and an appreciable number of persons are likely to continue to be deceived, confused, or mistaken into thinking that FDC's goods and services are endorsed by, sponsored by, or somehow affiliated with R.H. Donnelley.

41.     Since at least 1993, FDC has been aware that R.H. Donnelley registered its Mark and that R.H. Donnelley used its mark in commerce before FDC began use and publication of its counterfeit and colorable imitations of R.H. Donnelley's Mark in commerce.

42.     On July 27, 2005, R.H. Donnelley sent a letter to FDC making clear R.H. Donnelley's superior rights in the mark "THE RED BOOK," outlining the terms of the previous Agreement, and demanding that FDC immediately cease and desist from any and all use of the names "The Red Book" and "The Red Phone Book" in connection with its telephone directories.

43.     FDC refused to fully comply with R.H. Donnelley's demands and in an e-mail to R.H. Donnelley's counsel dated August 16, 2005, Mr. Stephen Ames of FDC requested that no further contact be made to FDC.

44.     FDC's actions are a willful and wanton attempt to obtain the benefits of the goodwill and reputation that R.H. Donnelley has established in its registered Mark.

45.     FDC will continue to infringe R.H. Donnelley's Mark unless enjoined by this Court.

46.     Pursuant to 15 U.S.C. § 1116(a), R.H. Donnelley is entitled to an order enjoining FDC from using the mark "THE RED BOOK" or any variation thereof including the names "The Red Book", "The Red Phone Book", and "The Red Telephone Directories."

47.     Pursuant to 15 U.S.C. § 1117(a), R.H. Donnelley is entitled to recover all profits derived by FDC from its actions, all damages sustained by R.H. Donnelley caused by FDC, and the costs of the action.

48.     FDC's conduct alleged herein was intentional and without foundation in law. Pursuant to 15 U.S.C. § 1117(a), this Court should award R.H. Donnelley three times its actual damages.

49.     FDC's actions make this an exceptional case under 15 U.S.C. § 1117(a), and R.H. Donnelley is entitled to an award of attorneys' fees and costs.

### COUNT II
(Lanham Act – False Designation of Origin)

50.     R.H. Donnelley incorporates the allegations contained in the preceding paragraphs as though here set forth in full.

51.     FDC intended to, and did, confuse and mislead the public, and did represent and create the false impression that R.H. Donnelley somehow authorized, originated, sponsored,

approved, licensed or participated in the creation of defendant's infringing use of the names "The Red Book", "The Red Phone Book", and "The Red Telephone Directories" in commerce.

52.     In fact, there is no connection or association or licensing relationship between R.H. Donnelley and FDC.

53.     R.H. Donnelley has not authorized, licensed or given permission to FDC to use the names "The Red Book", "The Red Phone Book", "The Red Telephone Directories", or any other variation of the mark "THE RED BOOK" in any manner whatsoever.

54.     FDC's use of the names "The Red Book", "The Red Phone Book", and "The Red Telephone Directories" has created, and will continue to create, a false impression concerning the association between R.H. Donnelley and FDC; has created, and will continue to create, a false designation of the origin of FDC's goods, and has created, and will continue to create, a likelihood of confusion as to the connection among the respective parties.

55.     As a direct and proximate result of FDC's creation of a false impression of association between R.H. Donnelley and FDC, and FDC's creation of a false designation of the origin of FDC's goods and services, R.H. Donnelley has been damaged and will continue to be damaged.

56.     Pursuant to 15 U.S.C. § 1116(a), R.H. Donnelley is entitled to an order enjoining defendant from using the names "The Red Book", "The Red Phone Book", "The Red Telephone Directories", or any variation of the mark "THE RED BOOK."

57.     Pursuant to 15 U.S.C. § 1117(a), R.H. Donnelley is entitled to recover all profits derived by FDC from its actions, all damages sustained by R.H. Donnelley caused by FDC, and the costs of the action.

58.     FDC's conduct alleged herein was intentional and without foundation in law. Pursuant to 15 U.S.C. § 1117(a), this Court should award R.H. Donnelley three times its actual damages.

59.     FDC's actions make this an exceptional case under 15 U.S.C. § 1117(a), and R.H. Donnelley is entitled to an aware of attorneys' fees and costs.

## COUNT III
(Misappropriation)

60.     R.H. Donnelley incorporates the allegations contained in the preceding paragraphs as though here set forth in full.

61.     R.H. Donnelley is the owner of the valuable mark "THE RED BOOK" and the goodwill associated therewith by virtue of its investment of substantial time, money and effort for more than ninety-five years.

62.     FDC has misappropriated R.H. Donnelley's foregoing intellectual property for its own use, without R.H. Donnelley's permission and with no compensation to R.H. Donnelley.

63.     FDC has reaped the benefits of R.H. Donnelley's creativity and efforts without the same cost that R.H. Donnelley has incurred in developing the mark "THE RED BOOK."

64.     R.H. Donnelley has been damaged and will continue to be damaged as a direct and proximate result of FDC's misappropriation.  R.H. Donnelley is therefore entitled to an award of actual damages.

65.     FDC's conduct is willful, malicious, and undertaken with deliberate disregard for R.H. Donnelley's rights. R.H. Donnelley is therefore entitled to an award of exemplary and punitive damages.

## COUNT IV
### (State Trademark Dilution)

66.     R.H. Donnelley incorporates the allegations contained in the preceding paragraphs as though here set forth in full.

67.     The mark "THE RED BOOK" is famous in the state of Nebraska and was famous prior to FDC's dilution of the distinctiveness of the mark.

68.     The mark "THE RED BOOK" is distinctive pursuant to Neb. Rev. Stat. § 87-140 because the mark "THE RED BOOK" has acquired distinctiveness through R.H. Donnelley's extensive use, advertising and customer recognition of the mark over the past ninety five years.

69.     FDC's use of the names "The Red Book", "The Red Phone Book", and "The Red Telephone Directories" has lessened and continues to lessen the capacity of the mark "THE RED BOOK" to identify and distinguish R.H. Donnelley's goods and services.

70.     FDC willfully intended to trade on R.H. Donnelley's reputation and goodwill in connection with its identical goods and services and to cause dilution of the mark "THE RED BOOK."

71.     Pursuant to Neb. Rev. Stat. § 87-140, R.H. Donnelley is entitled to an order enjoining FDC from using the mark "THE RED BOOK" or any variation thereof in connection with the provision of telephone directories.

## COUNT V
### (Unfair Competition and Common Law Trademark Infringement)

72.     R.H. Donnelley incorporates the allegations contained in the preceding paragraphs as though here set forth in full.

73.     R.H. Donnelley has displayed and used in good faith, and continues to display and use in good faith, the mark "THE RED BOOK" and has otherwise made the mark known to

prospective purchasers in the ordinary course of business in a manner that associates the mark with the goods, services, and business of R.H. Donnelley.

74.     R.H. Donnelley's good faith use of the mark "THE RED BOOK" in Nebraska predates FDC's use of the names "The Red Book", "The Red Phone Book", "The Red Telephone Directories", or any variation of the mark "THE RED BOOK" in Nebraska.

75.     FDC's acts constitute unfair competition and common law infringement of R.H. Donnelley's Mark.

76.     R.H. Donnelley has been damaged and will continue to be damaged by FDC's infringement.  R.H. Donnelley is entitled to recover its damages from FDC's wrongful use of the names "The Red Book", "The Red Phone Book", "The Red Telephone Directories", and any variations of the mark "THE RED BOOK."

77.     R.H. Donnelley is entitled to an injunction prohibiting FDC from continuing its unlawful acts.

## COUNT VI
(Violation of the Uniform Deceptive Trade Practices Act)

78.     R.H. Donnelley incorporates the allegations contained in the preceding paragraphs as though here set forth in full.

79.     FDC has caused and continues to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods or services.

80.     FDC has caused and continues to cause a likelihood of confusion or of misunderstanding as to FDC's affiliation, connection, and association with, or certification by, R.H. Donnelley.

81.     FDC has represented and continues to represent that FDC's goods and services have sponsorship, approval, status, affiliation, or connection with R.H. Donnelley that FDC does not have.

82.     FDC's acts constitute deceptive trade practices pursuant to Neb. Rev. Stat. § 87-303.

83.     R.H. Donnelley has been damaged and will continue to be damaged by FDC's deceptive trade practices.

84.     R.H. Donnelley is entitled to an injunction prohibiting FDC from continuing the practices described above and restitution of all amounts acquired by FDC by means of such wrongful acts.

85.     R.H. Donnelley is entitled to the costs of the action.

86.     FDC has willfully engaged, and continues to willfully engage, in deceptive trade practices with knowledge that their acts are deceptive.  As such, this Court should award R.H. Donnelley reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 87-303(b).

### COUNT VII
(Beach of Contract)

87.     R.H. Donnelley incorporates the allegations contained in the preceding paragraphs as though here set forth in full.

88.     R.H. Donnelley (f/k/a The Reuben H. Donnelley Corporation) and FDC executed a written agreement on March 21, 1993.

89.     Pursuant to the Agreement, FDC agreed to cease and desist from any and all further infringement of R.H. Donnelley's Mark, specifically and affirmatively represented that it would not use the marks "The Red Book" and "The Red Telephone Directory," and

acknowledged that it has no claim of rights to the names "The Red Book", "The Red Phone Book", "The Red Telephone Directory", or any mark confusingly similar thereto.

90.    FDC breached its obligations under the Agreement.

91.    R.H. Donnelley fully performed its obligations under the Agreement.

92.    As a direct and proximate result of FDC's breach, R.H. Donnelley has suffered damages in an amount to be determined at trial. R.H. Donnelley is entitled to recover from FDC the damages it sustained as a result of FDC's breach plus prejudgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, R.H. Donnelley prays that this Court enter judgment in its favor and against FDC as follows:

(A)    For injunctive relief to prevent and restrain FDC, and all persons acting in concert with FDC, from engaging in any further violation of R.H. Donnelley's rights;

(B)    For an award of all FDC's profits derived from FDC's wrongful infringement of the mark THE RED BOOK and any variation thereof;

(C)    For an award of damages sustained as a result of FDC's wrongful infringement of the mark THE RED BOOK and any variation thereof;

(D)    For an award of damages sustained as a result of FDC's breach of the Agreement;

(E)    For an award of three times the damages sustained by R.H. Donnelley;

(F)    For exemplary and punitive damages;

(G)    For an award of reasonable attorney's fees as determined by this Court;

(H)    For costs incurred;

(I)    For pre-judgment and post-judgment interest at the highest allowable rate; and

(J)    For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

s/ Megan Sebastian Wright
Megan Sebastian Wright NE. Bar #21782
BLACKWELL SANDERS PEPER MARTIN LLP
1620 Dodge Street, Suite 2100
Omaha, Nebraska  68102
Telephone  (402) 964-5000
Facsimile  (402) 964-5050

and

Patrick D. Kuehl, Jr.  MO. Bar. # 52370
Blackwell Sanders Peper Martin LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone:  (816) 983-8000
Facsimile:  (816) 983-8080

ATTORNEYS FOR PLAINTIFF
R.H. DONNELLEY INC. and R.H. DONNELLEY
PUBLISHING & ADVERTISING, INC.

Plaintiff requests trial at Omaha, Nebraska.

Registered June 9, 1953

# Registration No. 575,391

## PRINCIPAL REGISTER
### Trade-Mark

# UNITED STATES PATENT OFFICE

**The Reuben H. Donnelley Corporation,
Chicago, Ill.**

**Act of 1946**

**Application October 20, 1950, Serial No. 605,202**

## *The* RED BOOK

### STATEMENT

The Reuben H. Donnelley Corporation, a corporation duly organized under the laws of the State of Illinois, located at Chicago, Illinois, and doing business at 350 East 22nd Street, Chicago 16, Illinois, has adopted and is using the trade-mark shown in the accompanying drawing, for CLASSIFIED TELEPHONE DIRECTORIES, in Class 38, Prints and publications, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the goods, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with section 2(f) of the act of July 5, 1946.

The trade-mark was first used in January 1910, and first used in commerce among the several States which may lawfully be regulated by Congress since January 1910.

Applicant is the owner of Trade-Mark No. 148,232, registered November 8, 1921, and renewed July 15, 1941. No claim is made to the word "Book" apart from the mark shown.

The mark is claimed to have become distinctive of the applicant's goods in commerce which may lawfully be regulated by Congress through substantially exclusive and continuous use thereof as a mark by the applicant in commerce among the several States for the five years next preceding the date of the filing of this application. Proof of distinctiveness under section 2(f) of the act is supplemented by further evidence submitted in this case.

THE REUBEN H. DONNELLEY
CORPORATION,
By HARRY W. WARNER,
*Secretary.*

EXHIBIT

A

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2005-08-26 10:22:08 ET

**Serial Number:** 71605202 Assignment Information

**Registration Number:** 575391 Assignment Information

**Mark**

*The* RED BOOK

**(words only):** THE RED BOOK

**Standard Character claim:** No

**Current Status:** This registration has been renewed.

**Date of Status:** 2004-02-08

**Filing Date:** 1950-10-20

**Transformed into a National Application:** No

**Registration Date:** 1953-06-09

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 900 -File Repository (Franconia)

**Date In Location:** 2004-02-10

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

---

1. R. H. DONNELLEY INC.

**Address:**
R. H. DONNELLEY INC.
ONE MANHATTANVILLE RD.

PURCHASE, NY 10577
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

---

## GOODS AND/OR SERVICES

**U.S. Class:** 038 (International Class 016)
CLASSIFIED TELEPHONE DIRECTORIES
**First Use Date:** 1910-01-00
**First Use in Commerce Date:** 1910-01-00

**Basis:** 1(a)

---

## ADDITIONAL INFORMATION

**Disclaimer:** NO CLAIM IS MADE TO THE WORD "BOOK" APART FROM THE MARK SHOWN.

**Section 2(f)**

**Prior Registration Number(s):**
148232

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

2004-12-03 - TEAS Change of Correspondence Received

2004-02-08 - Third renewal 10 year

2004-02-08 - Section 8 (10-year) accepted/ Section 9 granted

2003-12-09 - Combined Section 8 (10-year)/Section 9 filed

2003-12-09 - TEAS Section 8 & 9 Received

1993-03-23 - Second renewal 10 year

1993-01-28 - Section 9 filed/check record for Section 8

1973-06-09 - First renewal

---

## CORRESPONDENCE INFORMATION

**Correspondent**
WADE KERRIGAN (Attorney of record)

Wade Kerrigan
Blackwell Sanders Peper Martin LLP
Suite 1000
4801 Main Street
Kansas City MO 64112
**Phone Number:** 816-983-8000
**Fax Number:** 816-983-8080

---

07/20/2005   14:44      9134917037

LAW OFFICES

## LEYDIG, VOIT & MAYER

A PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

TWO PRUDENTIAL PLAZA  SUITE 4900

CHICAGO, ILLINOIS 60601-6780

(312) 616-5600

CABLE: WOLFEHUB-CGO

TELEX: 25-2533

TELECOPY: (312) 616-5700

**RECEIVED**

MAR 29 1993

**LEYDIG, VOIT & MAYER**

WASHINGTON OFFICE
THIRTEENTH STREET, N.W.
SUITE 300
WASHINGTON, D.C. 20005
TELECOPY: (202) 737-6776

ST. LOUIS OFFICE
8182 MARYLAND
SUITE 400
ST. LOUIS, MISSOURI 63105
(314) 721-8658
TELECOPY: (314) 684-5530

ROCKFORD OFFICE
BIG NORTH CHURCH STREET
ROCKFORD, ILLINOIS 61103
(815) 963-7661
CABLE: WOLFEHUB-RKD
TELEX: 190410
TELECOPY: (815) 963-7664

ILLINOIS OFFICES
LEYDIG, VOIT & MAYER, LTD.

C. FREDERICK LEYDIG
JOHN P. BUNDOCK, JR.*
PAUL L. AHERN
BENTON SCOTT SHEPPARD
JAMES B. MUSKAL
DENNIS R. SCHLEMMER
GORDON R. COONS
MICHAEL C. PAYDEN**
JOHN E. ROSENQUIST
JOHN W. KOZAK
CHARLES S. OSLAKOVIC
MARK C. PHELPS
H. MICHAEL HARTMANN
LAWRENCE S. WICK
BRUCE M. GAGALA
CHARLES H. MOTTIER
DONALD W. PETERBON†
JOHN KILYK, JR.
ROBERT F. GREEN
JOHN B. CONKLIN
JAMES O. ZALEWA
MARK J. LISS
JOHN M. PELZ*
HERBERT C. ROSE*
BRETT A. HESTERBERG
KEITH D. WILLHELM
JEFFREY S. WARD
JEFFREY A. WYAND*

THEODORE W. ANDERSON
WILLIAM J. BIRMINGHAM
NOEL E. SMITH
RICHARD H. JOHNSON
PAUL J. KORNICZKY
JOHN MICHAEL CURTIN*
PAMELA J. RUSCHAU
CHRISTOPHER T. GRIFFITH
AMY N. COHEN
WILLIAM J. SUNDREN*
MAURICE U. CAHN*
MARY CATHERINE MERZ
LYNN A. TANNEHILL
D. BARTLEY EPPENHAUER
RICHARD P. BEEM
STEVEN P. PETERSEN
JOHN M. AUGUSTYN
WESLEY O. MUELLER
JEREMY M. JAY*
JEFFREY B. BURGAN
ELEY O. THOMPSON
NEIL P. CALVIN
MARK JOY
LAURA L. BOZEK
REGINA M. ANDERSON
MATTHEW C. McNEILL
DONALD J. SILVERT
JAMES A. FLIGHT

March 16, 1993

OF COUNSEL

ARTHUR G. GILKES
JOHN D. FOSTER*

ARTHUR A. OLSON, JR.
RALPH C. MEDHURST

*RESIDENT IN WASHINGTON OFFICE
**RESIDENT IN ROCKFORD OFFICE

†RESIDENT IN ST. LOUIS OFFICE

Mr. Stephen J. Ames
Vice President
F.D.C. Publishing of the Midwest, Inc.
P.O. Box 1415
Columbus, NE 68602

    RE:  **Reuben H. Donnelley/F.D.C. Publishing**
          **Our File No. 54227**

Dear Mr. Ames:

    This letter will follow-up our conversation of the other day and set forth the terms of our final settlement in regard to your company's prior use of "THE RED TELEPHONE DIRECTORY", "THE RED BOOK", and certain advertising claims made by your company.  More specifically, The Reuben H. Donnelley Corporation agreed to take no action in regard to these matters in exchange for your company's agreement to the following:

1.    F.D.C. Publishing of the Midwest, Inc. (hereinafter "F.D.C.") represents that it has permanently stopped all use of the marks "THE RED BOOK", "THE RED TELEPHONE DIRECTORY", or anything confusingly similar thereto;

2.    F.D.C. shall not order nor obtain any additional material, including business forms, making use of the marks "THE RED BOOK", "THE RED TELEPHONE DIRECTORY", or anything confusingly similar thereto;

3.    F.D.C. agrees that it will permanently refrain from making any claim that F.D.C. is the only company that can legally use "THE RED BOOK" and/or "THE RED TELEPHONE DIRECTORY" or that F.D.C. is in any way authorized to use these marks; and

**EXHIBIT**

**B**

PAGE

07/20/2005  14:44     9134917037

Mr. Stephen J. Ames
March 16, 1993
Page 2

4.      F.D.C. agrees and acknowledges that The Reuben H.
Donnelley Corporation is the owner of U.S. Registration
No. 517,316 for the mark "The RED BOOK" for use in
connection with classified telephone directories as
well as U.S. Registration No. 1,653,043 for the mark
"THE RED PHONE BOOK" also for use in connection with
classified telephone directories and that F.D.C. makes
no claim of rights to these marks or the mark "THE RED
TELEPHONE DIRECTORY" or any mark confusingly similar
thereto.

Without limitation to F.D.C.'s rights consistent with this
agreement, The Reuben H. Donnelley Corporation hereby agrees that
the use of the slogan "THE PHONE BOOK WITH THE RED COVER" as
typified by the exhibits attached hereto, shall not be considered
confusingly similar to "The RED BOOK", "THE RED HONE BOOK" or any
other mark owned by The Reuben H. Donnelley Corporation.

If the foregoing is acceptable, please indicate your
company's agreement to the foregoing by signing and dating the
enclosed copy of this letter where indicated and by returning the
signed copy to me.

I look forward to hearing from you.

Very truly yours,

LEYDIG, VOIT & MAYER

By:
     Mark J. Liss

MJL:eas

Enclosure

AGREED TO BY:

F.D.C. Publishing of the Midwest, Inc.

DATED: 3-21-93

By:
     Name:
     Title:

07/20/2005   14:44      9134917037

PUBLISHING OF THE MIDWEST, INC
P.O. BOX 1415 COLUMBUS, NE 68602
THE PHONE BOOK WITH THE RED COVER

07/20/2005  14:44    9134917037

**ADVERTISING AGREEMENT FOR**

# TDC "THE PHONE BOOK WITH THE RED COVER" FDC
## PUBLISHING OF THE MIDWEST, INC.
P.O. BOX 1415 / COLUMBUS, NE 68602 / 402-564-7045 / 800-829-1022

BOOK_____ ISSUE_____

DIRECTORIES_____

CO-OP_____

NYPSA_____

SPECIAL_____

NO:_____

NAME:_____

ADDRESS:_____

CITY:_____

MAILING
ADDRESS:_____
        CITY:_____  ZIP CODE____

HOME OFFICE:_____  CITY:_____

| CLASS CODE | ITEM | CLASSIFICATION | ANNUAL MONTHLY |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

For Value received I promise to pay the annual sum of $_____ payable as follows; to-wit

$_____ with this agreement and _____ installments of $_____

beginning _____ and $_____ on _____ 19____

The applicant, acting through the undersigned, who represents that
he is duly authorized by the applicant, agrees to the payments
listed above. The undersigned has read this application including
its terms and conditions on the reverse side, and by his signature
acknowledges that he has received a copy of this application and
agrees to the terms and conditions as stated. The applicant
understands and agrees that this contract is subject to acceptance
at the home office of the publisher. All payments to the publisher
thereunder shall be made at its corporate office. This agreement
cannot be cancelled except as stated herein.

Applicant Signature [X]_____  Title_____

Applicant Printed Name:_____  Representative:_____

| | |
|---|---|
| TOTAL | |
| MULTI-BOOK | |
| TOTAL | |
| DISCOUNT | |
| DEPOSIT | |
| BALANCE | |
| CHECK NO. | |